UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Robert Payne, PE, VHM, and other similarly situated persons, ) ) ) | C/A No. 2:11-2010-DCN-KFM |
| Plaintiff, ) ) | **Report and Recommendation** |
| v. ) ) | |
| Rodney Davis; Public Defender; Solicitor; and Chas. Co., ) ) ) | |
| Defendants. ) ) | |

## **Background**

This *pro se* Plaintiff is a pretrial detainee incarcerated in the Charleston County Detention Center pending trial on undisclosed criminal charges.[1] Plaintiff alleges that his appointed public defender, Rodney Davis, conspired with the other named Defendants to keep Plaintiff from attending his preliminary hearing in state court on July 14, 2011. Plaintiff further alleges that, because he believed that Davis did not have time to handle Plaintiff's case, Plaintiff had filed a motion in the Charleston County Court of General Sessions requesting that Davis meet with Plaintiff "not later than 5:00 PM, 1 July or remove himself from Plaintiff's case[.]" When Davis allegedly failed to meet with Plaintiff by the appointed time, Plaintiff believed that Davis did not represent him. Thus, Plaintiff alleges that Davis committed fraud by appearing on Plaintiff's behalf at the July 14, 2011, preliminary hearing. Plaintiff alleges that his failure to personally appear at the preliminary hearing denied his rights to confront witnesses, denied his right to equal protection, and denied his right to due process. Plaintiff alleges that the way his preliminary hearing was conducted is typical of

---

[1] Plaintiff asserts that his is a political prisoner in a political prison. Compl. 2 and Attach. 1, ECF No. 1.

how preliminary hearings are conducted in Charleston County – in violation of the "10 day" requirement and without the criminal defendant's presence. Plaintiff seeks money damages and injunctive relief to prohibit Defendants from holding preliminary hearings without defendants being present and to require Defendants to hold preliminary hearings within the "10 day" limit or release future pretrial detainees on "PR" without surety bonds.

## Discussion

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review this Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (*per curiam*). However, even under this less stringent standard, the *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore

a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff has filed approximately nine other lawsuits in this Court since June of 2011. This Court has reviewed the other lawsuits, and it has determined that the allegations contained in the Complaint filed in this case are completely repeated verbatim in *Payne v. Director Charleston Veteran Administration Hospital*. *See* Complaint and Additional Attachments, *Payne v. Director Charleston Veteran Admin. Hosp.*, C/A No. 2:11-1769-DCN-KFM (D.S.C. July 21, 2011), ECF No. 1 and 6 (*"Payne v. Director"*). It is appropriate for this Court to take judicial notice of Plaintiff's prior cases. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"). In *Payne v. Director*, Plaintiff filed a Complaint on July 21, 2011, against defendants not named as parties in this case, raising claims related to the Veterans Administration criminal justice program and documents sought pursuant to the Freedom of Information Act. *See Payne v. Director* [ECF No. 1]. Thereafter, on August 2, 2011, Plaintiff submitted a "revised" Complaint in *Payne v. Director*, which was attached to the main Complaint, which document added the same four Defendants named in this action and stated the same legal claims and factual allegations against them. *See Payne v. Director* [ECF No. 1 and 6]. In other words, in *Payne v. Director*, Plaintiff has raised several claims not related to this case against parties not named herein, and, additionally, he also raised the same claims against the same Defendants named herein.

*Payne v. Director* was filed in this Court on July 21, 2011, and that action is pending. Thus, this civil action, which was opened on August 1, 2011, is repetitive and duplicative. This Court should not entertain two separate, duplicative lawsuits filed by the same individual against the same defendants. To do so would fly in the face of the important interests of judicial efficiency and economy. Plaintiff has the opportunity to litigate his claims against Rodney Davis, Public Defender, Solicitor, and Charleston County in *Payne v. Director*. *See, Long v. Ozmint*, 558 F.Supp.2d 624, 629 (D.S.C. 2008) ("'The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.'") (citation omitted).

Plaintiff should take heed that if he continues to file repetitious and duplicative lawsuits in this Court pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915, such actions may be summarily dismissed as malicious and may be counted as a "strike" pursuant to 28 U.S.C. § 1915(g). *See McLean v. United States*, 566 F.3d 391, 397 (4th Cir. 2009); *Jones v. State*, C/A No. 3:02-157-24BC, 2002 WL 32334394 (D.S.C. Sept. 17, 2002). Once a prisoner has three strikes pursuant to 28 U.S.C. § 1915(g), his ability to file lawsuits without prepayment of fees is limited. *McLean*, 566 F.3d at 393.

### Recommendation

It is recommended that the District Court dismiss this action *without prejudice* because it is repetitive and duplicative to another civil action pending before this Court. Plaintiff's attention is directed to the important notice on the next page.

August 10, 2011                                s/ Kevin F. McDonald
Greenville, South Carolina              United States Magistrate Judge

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).